**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KAREEM ABDUL BLOCKER, | |
| Plaintiff, | Civil Action No. 24-10015 (MAS) (TJB) |
| v. | **OPINION** |
| MICHAEL J. BLEE, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Kareem Abdul Blocker's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

Plaintiff is a state pre-trial detainee currently detained in the Atlantic County Jail. (ECF No. 1 at 1-3.) According to Plaintiff, he was previously released from jail into a "recovery court" program. (*Id.* at 5-6.) Although it is difficult to decipher because of Plaintiff's handwriting, it appears that this release was thereafter revoked and he was placed back into jail by Defendants

Blee, Taylor, and Wilson, all of whom are state court judges who are related to Plaintiff's criminal case. (*Id.* at 4-6.)

## II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must screen Plaintiff's Complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    **DISCUSSION**

In his complaint, Plaintiff seeks to raise federal civil rights claims against three state court judges based on the revocation of his release into a drug court or probationary program. State court judges, however, are absolutely immune from suit in a federal civil rights matter unless they acted "in the complete absence of all jurisdiction." *Little v. Hammond*, 744 F. App'x 748, 750 (3d Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Here, Plaintiff alleges that the three state defendants, all of whom are Superior Court judges in Atlantic County,[1] were involved in the revocation of his release from jail into a recovery court program. As Plaintiff admits that he was involved in criminal proceedings which were deferred into a recovery court program and that program was revoked, he is challenging the actions of state court judges related to criminal proceedings over which they at least appear to have jurisdiction. Because Defendants

---

[1] Plaintiff briefly questions why Judge Blee, who he alleges is a "Cape May" judge, was involved in his recovery court proceedings. Judge Blee, however, is not *just* a judge for Cape May County, but is the assignment judge for the Superior Court of New Jersey's Atlantic and Cape May County vicinages. *See Atl./Cape May*, https://www.njcourts.gov/courts/vicinages/atlantic-cape-may (last visited October 25, 2024). Thus, to the extent that Plaintiff questions Judge Blee's authority in Atlantic County, that challenge appears to be based on a false assumption as to Judge Blee's position.

were not clearly acting in the complete absence of all jurisdiction, Defendants are entitled to absolute immunity and Plaintiff's claims against them must be dismissed as such.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**.  Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** in its entirety because all named Defendants are entitled to absolute judicial immunity.  An order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**